UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WACHOVIA SECURITIES, LLC, a Delaware Corporation and successor in interest to A.G. EDWARDS & SONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. BRAND, II, MARVIN SLAUGHTER, STEPHEN N. JONES, AND GEORGE W. STUKES, individuals,<br><br>Defendants. | CIVIL ACTION NO.08-02349-TLW |

**PLAINTIFF WACHOVIA SECURITIES, LLC'S
<u>REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO SEAL</u>**

In their response to Wachovia's Motion To Seal, Defendants do not object to Wachovia's own request to file documents under seal. Defendants do object, however, to Wachovia's request that they be required to withdraw certain documents that they filed publicly on the Court's PACER system and to resubmit those documents under seal. For the reasons set forth below, Defendants' objection is groundless and should be rejected.

Defendants do not deny that the parties are bound by the Confidentiality Order that is attached to Wachovia's Motion To Seal as Exhibit A (the "Order"). Defendants coyly claim, however, that "[t]here is no requirement or procedure set forth in the order for filing documents in Court under seal." *Id.* This position ignores Paragraphs 5 and 6 of the Order, which provide that material marked by the parties as "Confidential" or "Attorneys Eyes Only" may be disclosed *only* to certain limited classes of persons. Defendants' public filing (via this

Court's PACER system) of documents that Wachovia marked as "Confidential" or "Attorneys Eyes Only" under the Order constitutes a flagrant violation of Paragraphs 5 and 6. Indeed, Defendants have gutted the Order by their filing, making it thoroughly useless as a means of protecting Wachovia's proprietary information.

Defendants have made no attempt to acknowledge—let alone to justify—their blithe disregard of an Order to which they concede they are bound. Instead, they have challenged Wachovia's designation of certain materials (e.g., portions of Exhibits F, G and I to Defendants' Reply Brief) as "Confidential" and "Attorneys Eyes Only." *See Def. Resp.,* at pp. 4-5. With respect to Exhibit I, Defendants contend that a single Wachovia witness at the arbitration testified that he did not believe that exhibit to be confidential. *See id.,* at ¶ 4. With respect to Exhibits F and G, Defendants self-servingly contend that nothing in those exhibits can be considered a trade secret or confidential business information. *Id.*[1]

Once again, Defendants have ignored the relevant language of FINRA's Confidentiality Order. That Order permitted Wachovia to designate as "Confidential" *any* material that Wachovia believed included "trade secrets, confidential research, commercial information, or other confidential or proprietary information." *See Mot. To Seal,* Ex. A, at ¶ 2. The decision whether to designate such material as "Confidential" or "Attorneys Eyes Only" was *Wachovia's* decision to make—based on its own, good faith assessment of what it considered to be confidential *or* proprietary. *Id.; see also id.,* at ¶ 9.

---

[1] In the course of making these contentions, Defendants have repeated their claim that evidence from the arbitration contradicts arguments that Wachovia made to this Court at the TRO hearing on June 27, 2008. That claims is not relevant to Wachovia's Motion To Seal, however, but should have been limited to Defendants' briefs in connection with the parties' motion to confirm and motion to vacate the arbitration award. Wachovia will not compound Defendants' error by arguing in this brief matters not germane to its Motion To Seal. Instead, with respect to those matters, Wachovia rests on its earlier memoranda in support of its motion to vacate the arbitration award and in opposition to Defendants' motion to confirm.

If Defendants believed that Wachovia had improperly designated material as "Confidential" or "Attorneys Eyes Only" under the Order, they should have made an objection to Wachovia in writing pursuant to Paragraph 10 of the Order. Such an objection would have triggered a process by which FINRA would have determined whether Wachovia's designation was warranted. Because Defendants made no such objection, they are bound by Wachovia's designation of the subject material as "Confidential" and "Attorneys Eyes Only."

In sum, Wachovia asks only that the parties be held to the Confidentiality Order entered by FINRA, and that the designations that Wachovia made pursuant to that Order (to which Defendants have never objected) be respected. As explained by Wachovia in its initial brief in support of its motion to seal, the public has no interest in this purely private commercial dispute. Any presumption of public access is displaced by the entirely private interests at stake in this matter and by the considerations that moved FINRA to enter the Order in the first place.

This 12th day of March, 2010.

ROBINSON, BRADSHAW & HINSON, P.A.

/s/ Stephen M. Cox
Stephen M. Cox
Fed. I.D. No. 6913
Benjamin A. Johnson
Fed. I.D. No. 2186
ROBINSON BRADSHAW & HINSON, P.A.
140 East Main Street, Suite 420
Rock Hill, South Carolina 29730
(803) 325-2900

MCANGUS GOUDELOCK & CURRIE, LLC
700 Gervais Street, Suite 300
Columbia, South Carolina  29211
(803) 779-2300

PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100