**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **WACHOVIA SECURITIES, LLC,** | ) | |
| **as successor in interest to** | ) | |
| **A.G. Edwards & Sons, Inc.,** | ) | |
| | ) | |
| **Plaintiff/Respondent** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **08-CV-02349-TLW** |
| **FRANK J. BRAND, II,** | ) | |
| **STEPHEN N. JONES,** | ) | |
| **MARVIN E.  SLAUGHTER** | ) | |
| **and GEORGE W. STUKES** | ) | |
| | ) | |
| **Defendants/Movants** | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
WACHOVIA'S REQUEST FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEFS**

Defendants Frank J. Brand, II, Stephen N. Jones, Marvin E. Slaughter and George W. Stukes ("Defendants") hereby respond to Plaintiff Wachovia Securities, LLC's ("Wachovia") request for leave to submit supplemental briefing regarding the case of *Raymond James Financial Services, Inc. v. Bishop*, No. 09-1048 (4th Cir. February 22, 2010). Because the decision does nothing to alter the legal analyses set forth in the extensive briefs already submitted the Court, there is no good cause for further briefing.[1]

---

[1] Notably, because it was unnecessary in light of the Court's holding, the Court of Appeals expressly declined to address the issue of whether manifest disregard for the law remains a viable ground for vacatur since the Supreme Court's decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). *Id.* at fn 13.

Contrary to Wachovia's motion, other than the fact that *Raymond James* and the instant matter both concern motions to confirm/vacate a FINRA arbitration award,[2] *Raymond James* bears no relevance to the instant matter. The holding of *Raymond James* is that the arbitration panel exceeded its powers under 9 U.S.C. § 10(a)(4) because it rendered an award whose underlying legal basis exceeded the bounds of arbitrator employment-related disputes cognizable under the NASD rules. *Id*. at 18. Despite Wachovia's repeated attempts to blur the grounds for its motion to vacate, Wachovia's grounds are not that the arbitration panel here "exceeded its powers" under § 10(a)(4) by acting outside the bounds of applicable FINRA rules -- as the Court in *Raymond James* found. Rather, Wachovia's contention is that the arbitration panel in the instant manner either misinterpreted or misapplied substantive state law, namely the South Carolina Frivolous Civil Proceedings Act. Such an argument bears no resemblance to the issue decided by the Court of Appeals in *Raymond James*. Unlike *Raymond James*, Wachovia's arguments must be analyzed under the "manifest disregard for the law" standard if that ground for vacatur remains viable in the Fourth Circuit.

The issues before the Court have been extensively briefed and the *Raymond James* decision has done nothing to alter the legal analysis already presented to Court. Accordingly, while Defendants are certainly prepared to provide the Court with any and all information the Court requests, Defendants object to Wachovia's request for further time consuming and costly briefing.

[Signature Page To Follow]

---

[2] The *Raymond James* case actually concerns a NASD "National Association of Securities Dealers" arbitration. The NASD was the predecessor to FINRA.

*/s/ J. René Josey*

By: _____
   J. Rene' Josey, Esquire
   TURNER, PADGET, GRAHAM & LANEY, P.A.
   1831 W. Evans Street, Fourth Floor
   Post Office Box 5478
   Florence, SC 29502-5478
   Tel: (843) 656-4451
   Fax: (843) 413-5818


   Joseph A. Dougherty, Esquire
   Andrew J. Shapren, Esquire
   (admitted pro hac vice)
   BUCHANAN INGERSOLL & ROONEY, P.C.
   Two Liberty Place
   50 S. 16th Street, Suite 3200
   Philadelphia, PA 19102
   Tel: (215) 665-8700
   Fax: (215) 665-8760

   Counsel for Defendants