IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WACHOVIA SECURITIES, LLC,<br>as successor in interest to<br>A.G. Edwards & Sons, Inc.,<br><br>     Plaintiff,<br><br>v.<br><br>FRANK J. BRAND, II,<br>STEPHEN N. JONES,<br>MARVIN E. SLAUGHTER<br>and GEORGE W. STUKES,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 4:08-CV-02349-TLW |

## ORDER

     This matter is before the Court on the Motion to Confirm Arbitration Award and Vacate Preliminary Injunction entered by Frank J. Brand, II, Stephen N. Jones, Marvin E. Slaughter, and George W. Stukes, ("defendants") (Doc. # 52); and Wachovia Securities, LLC's ("plaintiff" or "Wachovia") Motion to Vacate Arbitration Award. (Doc. # 56). The plaintiff filed a Response in Opposition to the Defendants' Motion to Confirm Award. (Doc. # 57). The defendants then filed a Reply Brief in Support of Notice of Arbitration Award and Request for Sanctions, (Doc. # 63), and a Brief in Opposition to Plaintiff's Motion to Vacate Arbitration Award and Cross-Motion for Fees and Costs. (Doc. # 64). The plaintiff filed a Reply in Support of Motion to Vacate and in Opposition to Defendants' Motion to Confirm Award. (Doc. # 70). Additionally, each party filed supplemental briefs. (Docs. # 82 and 83). A hearing was held on the issues on May 13, 2010.

## I.     BACKGROUND AND PROCEDURAL HISTORY

The plaintiff Wachovia Securities, LLC instituted this civil action on June 27, 2008, when it filed its complaint against the defendants along with a Motion for a Temporary Restraining Order and Preliminary Injunction and for an Order Permitting Expedited Discovery. (Docs. # 1 and 6). Additionally, the plaintiff filed a Statement of Claim with the Financial Industry Regulatory Authority (FINRA) on the same date.

A.G. Edwards & Sons, Inc. merged with Wachovia Securities on October 1, 2007. After the merger the defendants became employees of Wachovia's Florence, South Carolina branch office until Wachovia terminated their employment on June 26, 2008. In its Complaint the plaintiff alleged that, prior to the termination of their employment, the defendants worked with a competitor to open a competing office in Florence, South Carolina. Among other allegations, the plaintiff alleged that the defendants misappropriated its confidential and proprietary documents and information. Wachovia also alleged that the defendants solicited Wachovia's personnel and clients to join the defendants at their new firm. According to Wachovia, immediate injunctive relief was necessary to prevent continued irreparable harm.

A hearing on the motion for injunction was held on June 27, 2008. Counsel for the plaintiff stated that the defendants impermissibly acquired information from Wachovia. (TRO Tr. at 13, Doc. # 16). This information was allegedly taken in furtherance of their plan to leave Wachovia to work for a competitor who was opening an office in the same location. In response, the defendants' attorney stated that there was no evidence that the defendants removed boxes filled with confidential files from Wachovia's office. Id. at 25. The plaintiff's counsel replied, "I have for the Court a DVD . . . of the surveillance . . . which I'm more than happy to make

available to the Court, which shows particularly Mr. Jones and Mr. Slaughter, going back and forth between the offices, taking documents over." Id. at 32-33. However, the plaintiff's attorney also notes, "I forgot to mention we didn't get the video until early this afternoon before we came to court. We're more than happy . . . of making that a part of the record." Id. at 55. This Court then stated, "I will accept . . . your representation of what's on that tape . . . . You made the representation there's information about individual defendants, and they went from Wachovia to the offices that you mentioned, and I'll accept that. If you want to admit that for the record, I'll allow you to do that if you would like." Id. at 55-56. Plaintiff's counsel indicated that it wished for the Court to do so.

At the conclusion of the hearing, this Court ordered the defendants to return any and all information obtained from Wachovia and prohibited the defendants from using any information obtained from Wachovia. However, this Court permitted the defendants to solicit new or former clients. (Doc. # 12). On July 11, 2008, this Court filed an Order granting in part and denying in part the plaintiff's Motion for Preliminary Injunction. The defendants were instructed to return to Wachovia all Wachovia information and documents in their possession and to refrain from using or disclosing any electronically stored information that cannot be returned. The plaintiff's request that the defendants be prohibited from soliciting persons for whom they performed services while employed with the plaintiff was denied. On September 12, 2008, the magistrate judge entered an order staying the case pending arbitration.

As FINRA Members or Associated Persons, both parties were required to arbitrate any dispute arising out of their business activities. Each defendant had previously executed a U-4

Uniform Application for Securities Industry Registration or Transfer. These forms contained the following language:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register, as indicated in item 10 as may be amended from time to time.[1]

> (Doc. # 52, Ex. A ¶ 5).

Additionally, each party submitted a signed FINRA Uniform Submission Agreement. This agreement reads:

> The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims, and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

> The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

> The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

> The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to

---

[1] The language as quoted appears in the U-4 form signed by defendants Brand and Slaughter. Paragraph 5 of the forms signed by defendants Jones and Stukes included additional language which stated, "Any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction."

the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

The parties hereto have signed and acknowledged the foregoing Submission Agreement.

(Doc. # 52, Ex. B, ¶¶ 1-5).

Along with the motions Wachovia filed before this Court on June 27, 2008, it filed its Statement of Claim with FINRA. In its Statement of Claim, Wachovia requested that a permanent injunction be entered against the defendants and that the defendants be ordered to return certain records to Wachovia. (Doc. # 64, Ex. C). Additionally, Wachovia requested that a judgment be entered in its favor, "Awarding reasonable attorneys' fees and the costs of this proceeding." Id. The claimant Wachovia filed an Amended Statement of Claim on July 23, 2008. A similar request for an injunction, the return of records, and attorneys' fees can be found in the Amended Statement of Claim. (Doc. # 64, Ex. D).

The defendants served their Answer to First Amended Statement of Claim and Counterclaim on September 10, 2008. In the Answer, the defendants asserted:

> The instant arbitration is part of a series of baseless attempts on the part of Wachovia to punish former A.G. Edwards & Sons, Inc. ("A.G. Edwards") employees for leaving in the wake of Wachovia's acquisition of A.G. Edwards, to intimidate and deter its current employees from making similar decisions, to prevent customers from obtaining information necessary to make an informed decision as to whether the customer wishes to do business, and to otherwise stifle legitimate competition. Wachovia began its meritless litigation . . . .

(Doc. # 64, Ex. E).

Under the subheading, "Prayer for Relief with Respect to Wachovia's Claims," the Answer reads, "WHEREFORE, the Respondents respectfully request that the Panel . . . Award

Respondents their attorneys' fees and costs incurred in defending itself from Wachovia's baseless and unwarranted claims." Id. Additionally, the defendants asserted counterclaims for violation of the South Carolina Wage Payment Law, unjust enrichment, and conversion. Id. In their "Prayer for Relief with Respect to the Counterclaim," the defendants requested an accounting of their promissory note balances and payment of three times the sums due to Slaughter, Jones, and Stukes as well as their costs and attorneys' fees in obtaining payment.

On November 26, 2008, the defendants filed their arbitration brief. In the brief, the defendants asked for an award of attorneys' fees "incurred in defending this baseless and vindictive action, which was plainly filed in an attempt to retaliate against, harass, and threaten the Respondents, and to stifle lawful competition, rather than to protect any legally recognized legitimate business interest." (Doc. # 64, Ex. F). The defendants also stated in the brief that "Wachovia's meritless claims against Respondents in this case are not new." Id. The defendants again describe the arbitration as a baseless attempt to punish, intimidate, and deter. Id. The defendants stated that they "should be awarded their attorneys' fees and costs incurred in having to defend against Wachovia's baseless, hypocritical and vindictive claims." Id. In their conclusion, the defendants ask the Arbitration Panel ("Panel") to "render an award in favor of Respondents for the attorneys' fees and costs they incurred in defending this baseless and vindictive action." Id. The plaintiff disputed the defendants' assertions and opposed any relief.

Sometime thereafter the arbitration hearings began. On October 22, 2009, the Panel asked the parties to submit accountings or proposals regarding attorneys' fees and other costs at the next hearings, scheduled for November 23 and 24, 2009. Wachovia requested that the parties be required to provide the Panel with briefs addressing the legal authorities for any requests for fees

and costs. The Panel agreed and directed the parties to provide said briefs. Both parties were to submit their fee petitions and legal memoranda on November 23, 2009. However, at the November 23 hearing the attorney for Wachovia indicated that Wachovia was not ready to turn in the requested information on that day. (Doc. # 64, Ex H, Nov. 23 Tr. at p. 47). The Panel pointed out that November 23 was the deadline but instructed both parties to turn in the information the following day.

Both parties submitted the requested information on November 24, 2009. The defendants submitted their attorneys' fees and costs. They asserted that they were entitled to an award under four theories: 1) the South Carolina Uniform Trade Secrets Act, 2) the South Carolina Frivolous Civil Proceedings Sanctions Act, 3) the South Carolina Wage Payment Act for their Counterclaim, and 4) the Panel's power under FINRA Code of Arbitration Procedure Rule 13212(a). (Doc. # 64, Ex. I). The plaintiff submitted its memorandum but stated therein that under South Carolina law, neither party was entitled to recover attorneys' fees. (Doc. # 64, Ex. J). Wachovia argued, "South Carolina follows the 'American Rule,' whereby litigants are responsible for their own attorneys' fees, unless there exists a contract or an applicable statute that specifically provides for an award of attorney's fees." Id. Wachovia then argued that there was no statute that allowed recovery of attorneys' fees in this instance nor was there a contract in place that allowed a party to recover attorneys' fees. Id.

Closing arguments were presented on November 24, 2009. When the Panel asked counsel for Wachovia if he felt he had been given a fair opportunity to present his case in its entirety, he responded in the affirmative, except for an issue regarding certain aspects of the counterclaims and except for the issues raised and argued as to attorneys' fees. (Doc. # 64, Ex. K, Nov. 24 Tr.

at 253-54). Towards the end of the hearing, the Panel stated, "The issue on attorneys' fees, I'm sure there will be something that will occur to the panel where we need to seek clarification from parties. And if that becomes necessary, be assured we will be in touch with you." Id. at 263. This marked the closing of the 65th hearing session on the 39th day of arbitration proceedings.

The Panel directed each party to submit its November 2009 fees and expenses to the Panel. The defendants submitted their fees on December 4, 2009, while Wachovia submitted its fees on December 11, 2009. Wachovia in its submission stated that it reiterated the arguments previously made to the Panel in closing and in its brief concerning attorneys' fees. On December 18, 2009, the Panel issued the Arbitration Award. The Panel stated:

> After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> All claims asserted by Claimant are denied, and dismissed with prejudice.
>
> Respondents Stukes, Jones, and Slaughter's Counterclaims are granted on the merits. Treble damages are awarded pursuant to Rule 13212 of the Code of Arbitration Procedure and under SC Code 41-10-80, as follows:
>
> Claimant is liable and shall pay to Respondent Stukes treble damages in the amount of $997.02.
>
> Claimant is liable and shall pay to Respondent Jones treble damages in the amount of $2,163.66.
>
> Claimant is liable and shall pay to Respondent Slaughter treble damages in the amount of $11,919.99.
>
> Respondents' joint requests for attorneys' fees and costs are granted. The Panel awards reasonable attorneys' fees and costs, and Claimant shall pay to all Respondents said fees and costs, in the total amount of $1,111,553.85 under

authority of the South Carolina Frivolous Civil Proceedings Act, SC Code 15-36-10 and SC Code 41-10-80.

(Doc. # 64, Ex. A at p. 6).

In addition the Panel stated,

The Panel directs Claimant and Respondents to file a copy of this Award and advise the Federal District Court for the District of South Carolina (Florence Division) of the following findings.

1)  The sworn Declarations of certain individuals that were filed in support of Claimant's Motion for Temporary Restraining Order obtained in this matter on July 11, 2008 may contain materially false representations of fact;

2)  Claimant's counsel's representations to the Court as to what was contained in the video tape upon which the July 11, 2008 Temporary Restraining Order was predicated may not be consistent with what is actually shown in the videotape;

3)  The video tape does not support the allegations made by Claimant in Court; and,

4)  The Panel recommends that the Court dismiss the temporary injunction in its entirety.

Any and all claims for relief not specifically addressed herein, including Claimant's request for punitive damages and attorneys' fees, are denied.

Id. at 7.

## II.    STANDARD OF REVIEW

This Court notes that its authority to review an arbitration award is "substantially circumscribed." Raymond James Financial Svcs., Inc. v. Bishop, 596 F.3d 183, 190 (4th Cir. 2010) (quoting Three S Delaware, Inc. v. DataQuick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir.

2007); Choice Hotels Int'l., Inc. v. SM Prop Mgmt., LLC, 519 F.3d 200, 206 (4th Cir. 2008) (citing Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006)). "It is well settled that a court's review of an arbitration award 'is among the narrowest known to the law.'" Long John Silver's Rest. Inc. v. Cole, 409 F.Supp.2d 682, 684 (D.S.C. 2006) (citing U.S. Postal Serv. v. Am. Postal Workers Union, AFL-CIO, 204 F.3d 523, 527 (4th Cir. 2000). "A court sits to 'determine only whether the arbitrator did his job – not whether he did it well, correctly, or reasonably, but simply whether he did it.'" U.S. Postal Serv., 204 F.3d at 527, (citing Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union, 76 F.3d 606, 608 (4th Cir. 1996)). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987). Moreover, the burden of proof falls on the party seeking vacatur, and, "The showing required to avoid summary confirmation is high." Jih v. Long & Foster Real Estate, Inc., 800 F.Supp. 312, 317 (D.Md. 1992) (quoting Barbier v. Shearson Lehman Hutton, Inc., 752 F.Supp. 151, 159 (S.D.N.Y. 1990). See also U.S. ex rel. Coastal Roofing Co., Inc. v. P. Browne & Assoc., Inc., 2010 WL 346318 at *2 (D.S.C. 2010) ("It is the plaintiff's burden to prove that the unfavorable portions of the award should be vacated, as provided in sections 10 and 11 of the Federal Arbitration Act.") (citations omitted).

The Fourth Circuit has explained the policy behind maintaining such a limited standard of review. It noted, "Limited judicial review is necessary to encourage the use of arbitration as an alternative to formal litigation." Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994). Furthermore, "A policy favoring arbitration would mean little, of course, if arbitration

were merely the prologue to prolonged litigation." Id. Moreover, "if such were the case, one would hardly achieve the 'twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" Id., (citing Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2nd Cir. 1993).

### III.    WACHOVIA'S MOTION TO VACATE

Wachovia asks this Court to vacate any part of the award granted to the defendants under the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code § 15-36-10 et seq. ("FCPA") and any part of the award granted under the South Carolina Wage Payment Act, S.C. Code § 41-10-80 ("Wage Act"). Each issue will be addressed in turn.

While the scope of judicial review by a district court may be limited, an arbitration award may be vacated upon one of the grounds listed at 9 U.S.C. § 10(a) of the Federal Arbitration Act. The FAA provides that a court may vacate an arbitration award:

> **(1)** where the award was procured by corruption, fraud, or undue means;
>
> **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;
>
> **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> **(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> 9 U.S.C. § 10(a).

The plaintiff has moved for this Court to vacate the award under 9 U.S.C. 10(a)(3) and 10(a)(4). In addition, the plaintiff seeks vacation of the award on the basis that it was made in "manifest

disregard" of the law. This Court notes there has been some debate over the continued validity of non-statutory grounds to vacate an award. Previously, the Fourth Circuit has held that a district court may vacate an award that is made in manifest disregard for the law. See e.g., Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 193 n.5 (4th Cir. 1998). However, other circuits have indicated that "manifest disregard" as a means to vacate an arbitration award did not survive the United States Supreme Court decision in Hall Street Assoc., LLC v. Mattel, Inc., 552 U.S. 576 (2008). See e.g. Ramos-Santiago v. United Parcel Serv., 524 F.3d 120 (1st Cir. 2008); Citigroup Global Mkts., Inc. v. Bacon, 562 F.3d 349 (5th Cir. 2009). Indeed, the plaintiff noted in its memoranda that non-statutory grounds of vacatur are perhaps best viewed as referring to the § 10(a) grounds collectively or as useful shorthand for describing the Court's statutory authority to vacate. See Hall Street, 552 U.S. at 585 (2008). The Fourth Circuit has acknowledged the uncertainty surrounding this issue but has not taken the opportunity to evaluate the effect of Hall Street on the "manifest disregard" standard. Raymond James Financial Svcs., Inc. v. Bishop, 596 F.3d 183, 193 n.13 (4th Cir. 2010). See also MCI Constructors, LLC v. City of Greensboro, 2010 WL 2612683 at *12 n.5 (4th Cir. 2010). Therefore, this Court will analyze the claim of "manifest disregard" on its merits as an independent basis for vacatur along with the evaluation of the matters raised under 9 U.S.C. § 10(a).

### a) § 10(a)(4)

First, Wachovia asks this Court to vacate the arbitrator's award pursuant to 9 U.S.C. 10(a)(4), which states that a court may vacate an award, "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." The plaintiff asserts that the Panel exceeded its powers when it

awarded attorneys' fees under the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code § 15-36-10 et sec. At times, the plaintiff has coupled its arguments for dismissal under a theory of "manifest disregard" with language indicating a challenge under 10(a)(4). In this section, this Court will address in detail those arguments that are applicable to a challenge of an arbitration award under § 10(a)(4).[2] Arguments made under a theory of "manifest disregard" are addressed in the subsequent section of this Order.

The plaintiff argues that the arbitration Panel has exceeded its "contractual authority" as well as its "legal authority" when it awarded attorneys' fees under the FCPA. Wachovia contends that the Panel exceeded the contractual authority granted to it by the parties' arbitration agreement. According to Wachovia, the defendants sought attorneys' fees based only on the South Carolina Wage Payment Act. Wachovia argues that the claim for attorneys' fees under the FCPA was not properly before the Panel and therefore the award granted based on the FCPA must be vacated.

Recently reiterated in MCI Constructors, LLC v. City of Greensboro, the Fourth Circuit has held that "neither misinterpretation of a contract nor an error of law constitutes a ground on which an award can be vacated." MCI Constructors, LLC v. City of Greensboro, 2010 WL 2612683 at *8 (4th Cir. 2010) (quoting Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.,

---

[2] Wachovia asserts that the Panel exceeded its authority and manifestly disregarded the law by attempting to sanction Wachovia for conduct that occurred before this Court. As explained infra, this Court holds that the Panel did not attempt to sanction Wachovia for actions before this Court. Therefore, there is no basis for a challenge under § 10(a)(4) on this ground. The plaintiff also asserts that the Panel exceeded its authority and manifestly disregarded the law by ignoring the FCPA's conditions precedent to an award of sanctions. The Court finds that an analysis of this argument under § 10(a)(3) and perhaps under the theory of manifest disregard is appropriate, but not under § 10(a)(4). To the extent Wachovia has made this challenge under § 10(a)(4), it is denied. Finally, Wachovia asserts that the Panel exceeded its authority and manifestly disregarded the requirement of South Carolina law that attorneys' fees are reasonable. To the extent that an argument on this basis can be made under § 10(a)(4), the Court finds it unpersuasive for the same reasons stated in the analysis of this issue as challenged under the theory of manifest disregard of the law.

142 F.3d 188, 193-94 (4th Cir. 1998). Additionally, the Court noted, "'As long as the arbitrator[s] [are] even arguably construing or applying the contract,' . . . their awards will not be disturbed." Id. (quoting Norfolk & W. Ry. Co. v. Transp. Commc'ns Int'l Union, 17 F.3d 696, 700 (4th Cir. 1994). Moreover, "[T]he limits of an arbitrator's authority are defined by the terms of the parties' own submission." Richmond, Fredericksburg & Potomac R.R. v. Transp. Commc'ns Int'l Union, 973 F.2d 276, 279 (4th Cir. 1992) (citing AT&T Tech., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986)); See also Norfolk & W. Ry. at 699.

This Court finds that the record is sufficient to conclude that the issue of attorneys' fees was before the Panel. More specifically, this Court finds that the defendants requested attorneys' fees as an award for defending against a frivolous lawsuit. As mentioned, each defendant executed a U-4 application which stated that the defendant agreed to arbitrate any dispute, claim or controversy that may arise between the defendant and his firm. Additionally, each party submitted a FINRA Uniform Submission Agreement, which stated that the parties were to submit the present matter in controversy as set forth in the Statement of Claim, answers, and all related counterclaims to arbitration. In Wachovia's Statement of Claim as well as its Amended Statement of Claim, it submitted a request that it be awarded reasonable attorneys' fees and the costs of the arbitration proceeding. Similarly, in the defendants' answer under the subheading, "Prayer for Relief with Respect to Wachovia's Claims," the defendants requested that the Panel award attorneys' fees and costs incurred in defending against "Wachovia's baseless and unwarranted claims." In their Answer, the defendants refer to the litigation as baseless, meritless, an attempt to punish, an attempt to intimidate and deter, and an attempt stifle legitimate competition. Similar language is found throughout the defendants' arbitration brief. The

defendants state that the litigation is baseless and vindictive, retaliatory, intended to harass and threaten, and intended to stifle competition. Moreover, the defendants asserted more than once that they sought relief for having to defend a lawsuit which they describe as meritless. Based upon these submissions, the Court finds that this issue was put squarely before the Panel and therefore the Panel had the authority to render a judgment on the issue presented.

In addition, this Court notes the Panel's October 22 request that the parties submit proposals regarding attorneys' fees and accompanying legal authority. The defendants made their request pursuant to several legal theories, including the FCPA and the Wage Act. Wachovia in its brief argued that under South Carolina law, attorneys' fees may not be awarded unless there exists a contract or applicable statute that provides for such an award. Wachovia contended that no such contract or statute existed, and therefore attorneys' fees should not be awarded. However, Wachovia failed to address why the request for attorneys' fees should not be considered as a related "dispute, claim, or controversy," or considered as within the scope of the Uniform Submission Agreement's provision that the parties were to submit the present matter in controversy as well as all answers and related counterclaims.[3]

Furthermore, this Court is not persuaded by reasons given by Wachovia at the hearing with regard to this issue. Wachovia argues that since the defendants did not specifically state in their answer or counterclaims that they sought relief pursuant to the FCPA, the issue was not properly brought before the Panel. According to Wachovia, in order for the Panel to have had the contractual authority to award fees under the FCPA, the defendants needed to amend their

---

[3] This is most likely due to the framework under which Wachovia presented its argument in its memorandum regarding attorneys' fees. Wachovia argued that under S.C. Code § 15-48-110 of the South Carolina Arbitration Act, attorneys' fees are specifically excluded from recovery absent express authorization in the arbitration agreement. See generally Lybrand v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 467 S.E.2d 745 (S.C. 1996). Wachovia has not since focused on this issue.

claims. This Court disagrees. While the defendants may not have cited to the FCPA in their initial filings, the language present in those filings leaves no question that the defendants sought recovery for defending against a frivolous claim. Therefore, Wachovia's challenge to the contractual authority of the Panel is found to be unpersuasive.

Next, the plaintiff argues that the Panel exceeded its *legal authority* by awarding sanctions under the FCPA.[4] The FCPA states that "[a] pleading filed in a civil or administrative action on behalf of a party who is represented by an attorney must be signed by at least one attorney of record who is an active member of the South Carolina Bar . . . ." S.C. Code § 15-36-10(A)(1). It further states,

> (C)(1) At the conclusion of a trial and after a verdict for or a verdict against damages has been rendered or a case has been dismissed by a directed verdict, summary judgment, or judgment notwithstanding the verdict, upon motion of the prevailing party, the court shall proceed to determine if the claim or defense was frivolous. An attorney, party, or pro se litigant shall be sanctioned for a frivolous claim or defense if the court finds the attorney, party, or pro se litigant failed to comply with one of the following conditions:
>
> . . .
>
> (2) Unless the court finds by a preponderance of the evidence that an attorney, party, or pro se litigant engaged in advancing a frivolous claim or defense, the attorney, party, or pro se litigant shall not be sanctioned.
>
> (D) A person is entitled to notice and an opportunity to respond before the imposition of sanctions pursuant to the provisions of this section. A court or party proposing a sanction pursuant to this section shall notify the court and all parties of the conduct constituting a violation of the provisions of this section and explain the basis for the potential sanction imposed. Upon notification, the attorney, party, or pro se litigant who allegedly violated subsection (A)(4) has thirty days to respond to the allegations as that person considers appropriate including, but not

---

[4] As evidenced by the cases cited, it appears that parties who have challenged an arbitration award in other cases on a similar basis to those asserted here by Wachovia have done so under a theory of "manifest disregard." However, this Court will evaluate Wachovia's challenge to the Panels "legal authority" under 10(a)(4), as this is how the argument has been presented by Wachovia.

limited to, by filing a motion to withdraw the pleading, motion, document, or argument or by offering an explanation of mitigation.

Id.

Wachovia contends that the FCPA authorizes the award of sanctions by a "court" after a "trial," but does not permit an arbitration panel to award attorneys' fees in an arbitration proceeding. Wachovia asserts that the statute's lack of reference to "arbitrators" or "arbitration" indicates that the legislature did not intend for the statute to apply to arbitration proceedings. Additionally, Section 15-36-10(H) of the statute makes reference to a court, but not an arbitration panel. It states that "if the *court* imposes a sanction" under this statute then "the *court* shall report its findings to the South Carolina Commission of Lawyer Conduct." Finally, Wachovia cites the statute's procedural requirements as evidence that the FCPA was not intended to apply to arbitration proceedings.

To support its position, Wachovia notes that South Carolina Courts must follow the literal meaning of unambiguous statutory terms. The South Carolina Supreme Court has held, "In construing statutes, the terms used therein must be taken in their ordinary and popular meaning." Citizens for Lee County v. Lee County, 416 S.E.2d 641, 644 (S.C. 1992). Additionally, the court noted, "When such terms are clear and unambiguous, there is no room for construction and courts are required to apply them according to their literal meaning." Id. (citations omitted). Finally, Wachovia notes that a statute that provides for an award of attorneys' fees, such as the FCPA, "is in derogation of the common law and must be strictly construed." Dowaliby v. Chambless, 544 S.E.2d 646, 648 (S.C. Ct. App. 2001) (citing Belton v. State, 529 S.E.2d 4, 5 (S.C. 2000). Therefore, Wachovia asserts that when the FCPA is interpreted under the applicable

rules of construction, it provides no authority for an arbitration panel to make an award of attorneys' fees.

As an initial matter, it is reasonable to conclude that the FCPA is not subject to the rule that statutes in derogation of the common law should be strictly construed. South Carolina Code § 15-36-10 falls under Title 15 of the South Carolina Code of Laws. Also under this Title is S.C. Code § 15-1-10, "Rules of construction," which states, "The rule of common law that statutes in derogation of that law are to be strictly construed has no application to this Title." Therefore, it appears that the South Carolina legislature has abrogated, at least under this Title, the rule of strict interpretation of statutes in derogation of the common law. But see Steinert v. Lanter, 325 S.E.2d 532, 533 (S.C. 1985) (holding that S.C. Code § 15-21-10 is in derogation of the common law and must be strictly construed, and as such, does not provide for recovery of attorney's fees) (This Court notes that it has been unable to find any record of the statute at issue in Lanter.).

The Court agrees with Wachovia insofar as it alleges that there is no mention of arbitration or an arbitration panel in S.C. Code § 15-36-10. Moreover, this Court agrees that the statute makes mention of a "court" and "trial." However, this Court disagrees with Wachovia's assertion that if a statute does not explicitly state it may be used in an arbitration proceeding, then an arbitration panel is precluded from applying the statute to the issues brought before it. Wachovia attempts to significantly restrict the Panel's authority to properly arbitrate the claim before it. This Court does not conclude the arbitration panel exceeded its authority (or manifestly disregarded the law) by applying the FCPA in these circumstances. Indeed, many statutes that make no mention of arbitration and refer to "courts" are asserted as grounds for recovery in arbitration proceedings, including statutes cited by Wachovia in this litigation. As noted by the

defendants, Wachovia sought relief under the South Carolina Trade Secrets Act, S.C. Code § 39-8-20 et seq., which makes several references to what a court may do, but does not refer to its applicability to arbitration proceedings.

Neither party has presented any caselaw or statutory language which definitively addresses whether or not an arbitration Panel may apply the FCPA when rendering its judgment. Moreover, the plaintiff has not cited any cases where an arbitration judgment was vacated on grounds sufficiently similar to the facts at hand to be instructive to this Court's decision. The cases that the plaintiff has cited are not dispositive of the issue. Wachovia points to Father v. S.C. Dept. of Social Svcs., which explains that the "fundamental objective" of the FCPA is "deterring egregious misuses of the court system . . . ." Father v. S.C. Dept. of Social Svcs., 545 S.E.2d 523, 528 (S.C. Ct. App. 2001). At issue in Father was whether an award of sanctions against the South Carolina Department of Social Services is barred by S.C. Code § 15-77-300, and whether a family court has jurisdiction to apply the Act. Id. However, the court in Father had no reason to consider the statute's applicability to an arbitration proceeding.

Additionally, Wachovia points this Court to Gas Aggregation Svcs., Inc. v. Howard Avista Energy, LLC, 319 F.3d 1060 (8th Cir. 2003). While the court analyzed the relevant issue under the framework of a motion to vacate for manifest disregard of the law, the facts of the case shed at least some light on the issues currently before this Court. In Gas Aggregation, the court vacated an award of attorneys' fees made pursuant to an inapplicable statute. Id. at 1069. The court based its decision on the fact that the panel majority explicitly acknowledged that it had been presented with a "Minnesota Supreme Court holding that the Consumer Fraud Act does not apply to GSI's dispute with Howard." Id. (citations omitted). The court then stated, "Despite

acknowledging the rule as set forth by the Minnesota Supreme Court in <u>Ly</u> which precludes a cause of action under the Consumer Fraud Act by a commercial trader, the panel majority ultimately awarded GSI attorneys' fees." <u>Id.</u> (citing <u>Ly v. Nystrom</u>, 615 N.W.2d 302 (Minn. 2000)).

  The question addressed in <u>Gas Aggregation</u> can be distinguished from the question before this Court. In <u>Gas Aggregation</u>, the court had to determine whether the arbitration panel cited to relevant, applicable law but then proceeded to ignore it. Here, Wachovia argues that the Panel did not have the authority to make an award pursuant to the FCPA, even if the Panel determined that all the requirements to make an award under it had been satisfied. Nevertheless, this Court finds it important to note that if a case existed that so directly stated that the FCPA was not available in an arbitration proceeding as the court in <u>Gas Aggregation</u> believed the <u>Ly</u> case so clearly explained that the Consumer Fraud Act did not apply to its case, then this Court would be compelled to reach a different conclusion. As stated, however, no such case has been cited.

  Finally, this Court notes that the caselaw that addresses questions similar to those before the Court supports a conclusion that the Panel did not exceed its authority. <u>See</u> <u>Hollern v. Wachovia Securities, Inc.</u>, 458 F.3d 1169, 1176 (10th Cir. 2006) (The arbitrators did not manifestly disregard the law by awarding attorneys' fees to Wachovia pursuant to Colo. Rev. Stat. § 13-17-102, which states that "*courts*" in "*any civil action*" commenced "*in any court*" may award attorneys' fees.  The court rejected Holleran's argument that the statute by its terms only applies to civil actions brought in a Colorado state court, noting, "Hollern has cited no authority adopting this interpretation.");  <u>Harty v. Cantor</u>, 2003 WL 22853715 at *7 (Conn. Super. 2003) (Defendants argument that the "panel acted in disregard of the law when

determining that an arbitration is a 'civil action' under § 31-72" was rejected because "[t]here is not clear legal authority to support this proposition.") rev'd, 881 A.2d 139 (Conn. 2005) (argument abandoned on appeal); Renaissance Enterprises Inc., v. Ocean Resorts, Inc., 496 S.E.2d 858, 862, (S.C. 1998) ("Like other civil proceedings, the arbitrators must rule on the issue in order to preserve it for further review."). But see Martin v. South Carolina Dept. of Corrections, 565 S.E.2d 756, 757 (S.C. 2001) (S.C. Code § 24-27-100 was enacted to assist "indigent prisoners when they 'bring a civil action or proceeding.' By definition, civil actions or proceedings are brought at the trial court level."). Therefore, after a careful review of the arguments presented by both parties as well as the relevant caselaw and statutes, this Court cannot conclude that Wachovia has satisfied its heavy burden of demonstrating that the award rendered under FCPA should be vacated pursuant to 10(a)(4).[5]

### b)  Manifest Disregard

Next, Wachovia asserts that the award should be vacated because the Panel acted in manifest disregard for the law when it awarded attorneys' fees and costs under the FCPA. The plaintiff argues that the Panel did so because the FCPA does not apply to arbitration proceedings, the Panel failed to require the necessary evidentiary support from the defendants, the Panel ignored the procedural safeguards set forth in the FCPA, the Panel attempted to sanction Wachovia for conduct that occurred before this Court, and the Panel awarded attorneys' fees that were not reasonable.

The Fourth Circuit has held, "In order to overturn an arbitration award on the basis of the arbitrator's manifest disregard of the law, the party pursuing that effort must sustain a heavy

---

[5] Additionally, this Court finds no reason to vacate any part of the award rendered under the Wage Act pursuant to 9 U.S.C. § 10(a)(4).

burden, and is obliged to show that the arbitrator knowingly ignored applicable law when rendering his decision. Long John Silver's Rest. Inc. v. Cole, 514 F.3d 345 351-52 (4th Cir. 2008) (citing Remmey v. PainWebber, Inc., 32 F.3d at 149). Further, an award will be overturned for manifest disregard of applicable law only if it is shown that "the arbitrator, in making his ruling, was 'aware of the law, understood it correctly, found it applicable to the case before [him], and yet chose to ignore it in propounding [his] decision.'" Id. (quoting Remmey at 349). Moreover, "The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." Jih v. Long & Foster Real Estate, Inc., 800 F.Supp. 312, 320 (D. Md. 1992).

Wachovia asserts that the Panel manifestly disregarded the law when it awarded sanctions under the FCPA because the Act empowers only a court subsequent to a trial to make an award. Even if this Court accepted Wachovia's assertion, the plaintiff has failed to show that the Panel correctly understood the statute but chose to ignore its limitations. See e.g. Hollern v. Wachovia Securities, Inc., 458 F.3d 1169, 1176-77 (10th Cir. 2006) ("[W]e cannot say the arbitrators knew § 13-17-102 did not authorize arbitrators to award attorneys' fees and nevertheless chose to disregard the law.") Wachovia claims that the Panel was clearly aware of the governing law regarding the FCPA because the defendants attached a copy of the statute to its fee petition. However, while this may establish that the arbitrators were aware of the law, it does little to prove that the panel understood the law but chose to ignore it.

The same can be said for the assertion that the Panel failed to satisfy the procedural and evidentiary requirements of the FCPA. There is no indication that the Panel understood the law correctly yet ignored the law concerning the procedural and evidentiary requirements of the

FCPA. Indeed, other circuits have noted the difficulty that one who challenges an award on this ground faces when the Panel does not go into detail as to its reasons for making its Award.[6] See Prudential-Bache Sec., Inc. v. Tanner, 72 F.3d 234, 240 (1st Cir. 1995) (explaining that it is exceedingly difficult for a party to satisfy the requirements for vacatur under a theory of "manifest disregard" where the arbitrators do not explain the reasons behind their award); O.R. Securities, Inc. v. Professional Planning Assocs., Inc., 857 F.2d 742, 747 (11th Cir. 1988) ("In fact, when the arbitrators do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law."); But see Advest, Inc. v. McCarthy, 914 F.2d 6, 10 (1st Cir. 1990) ("In certain circumstances, the governing law may have such widespread familiarity, pristine clarity, and irrefutable applicability that a court could assume the arbitrators knew the rule and, notwithstanding, swept it under the rug.").

Wachovia also contends that the Panel failed to provide notice after a verdict had been rendered and failed to provide a bifurcated hearing process. Even assuming that what Wachovia asserts is accurate and applicable to an arbitration proceeding, it has still failed to overcome its burden of proving that the panel understood this to be the law but yet still chose to ignore it. Therefore, this Court cannot conclude that the Panel acted with manifest disregard to the law.

Finally, this Court concludes that the plaintiff's assertion that the Panel attempted to sanction Wachovia for conduct that occurred before this Court is not persuasive. While the Panel directed the parties to advise this Court of certain findings that related to possible misrepresentations made before this Court, there is no evidence in the record that the Panel actually sanctioned Wachovia for said conduct. Additionally, to the extent Wachovia argues that

---

[6] The Fourth Circuit noted, "The Supreme Court has held that arbitrators need not state reasons for reaching a particular result." Remmey, 32 F.3d at 151 (citing United Steel Workers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960)).

the Panel manifestly disregarded the requirement that any attorneys' fees award be reasonable when it made its award under the FCPA, this Court finds the position unpersuasive. The award was in line with Wachovia's own submissions for attorneys' fees. More importantly, Wachovia has failed to satisfy the requirements for a claim under a "manifest disregard" theory. Therefore, for the reasons stated, this Court concludes the arguments made by Wachovia for vacation of the arbitration award under the FCPA on the basis that the Panel acted with manifest disregard to the law warrant no relief.

Wachovia also asserts that the Panel manifestly disregarded the requirement that any fee award made under the Wage Act be reasonable. However, this position is dependent upon the plaintiff's earlier assertion that any award made under the FCPA must be vacated. The Panel awarded $1,111,552.85 in attorneys' fees under the FCPA and the Wage Act. The Panel did not divide the award amount between the two applicable statutes. However, both parties concede that the vast majority of the award came under the FCPA. If this Court were to find that any award under the FCPA must be vacated, then clarification as to what amount of attorneys' fees remained under the Wage Act would be necessary. However, this Court does not reach such a conclusion.  Therefore, this Court concludes that the Panel did not manifestly disregard the law that an award of attorneys' fees be reasonable when it stated the amount of the award as the combined amount awarded under both the FCPA and the Wage Act.

c)  § 10(a)(3)

Finally, Wachovia challenges the arbitration award under 9 U.S.C. § 10(a)(3). Wachovia argues that it was denied its clear, statutory right to a full and fair hearing on the defendants' FCPA claim. Moreover, Wachovia asserts that it was prepared to submit evidence demonstrating

that it had not violated the FCPA. Wachovia also contends that the defendants did not offer any specific evidence that Wachovia or its counsel advanced a frivolous claim in the Arbitration. Wachovia argues that the "notice" it received was manifestly insufficient to satisfy the rigorous requirements of the FCPA. Finally, Wachovia concludes that had the Panel provided Wachovia with the due process that the FCPA requires, the defendants would not have been able to satisfy the burden of proof required for an award under the Act.

9 U.S.C. § 10(a)(3) states that a court may vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." This Court notes that it may "vacate an arbitration award only if the arbitrator's refusal to hear pertinent and material evidence deprives a party to the proceeding of a fundamentally fair hearing." Three S Delaware, Inc., v. DataQuick Info. Sys., Inc., 492 F.3d 520, 531 (4th Cir. 2007). Moreover, this Court may not overturn a procedural ruling made by the arbitrator unless it was made "in bad faith or so gross as to amount to affirmative misconduct." Int'l Union, United Mine Workers of America v. Marrowbone Dev. Co., 232 F.3d 383, 388 (4th Cir. 2000). (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 40 (1987)). It is also noted that "[a]rbitration provides neither the procedural protections nor the assurance of the proper application of substantive law offered by the judicial system." Bowles Financial Group, Inc. v. Stifel, Nicolaus & Co., Inc., 22 F.3d 1010, 1011 (10th Cir. 1994). Indeed the Supreme Court of the United States has explained that "by agreeing to arbitration, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'" Gilmer v.

Interstate/Johnson Lane Corp., 500 U.S. 20, 31 (1991) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 634 (1985).

This Court concludes that the arbitrators did not refuse to postpone a hearing, did not refuse to hear evidence pertinent and material to the controversy, and did not exhibit any other misbehavior which prejudiced Wachovia's rights. Therefore, the Award should not be vacated under 10(a)(3). On October 22, 2009, the Panel requested that the parties submit attorneys' fees at the November 23, 2009 hearings. At Wachovia's request, the Panel directed the parties to submit briefs citing the legal authority upon which attorneys' fees may be awarded. The briefs were due on November 23, 2009. The transcript from the November 23 hearing reads:

> Mr. Dougherty:  We are going to hand in the attorneys' fees and housekeeping.
>
> Mr. Paduano: We're going to do that tomorrow. Ours are not quite ready yet.
>
> Chairman Sandlin:  You're not ready?
>
> Mr. Paduano:  No.
>
> . . .
>
> Chairman Sandlin:  On the attorneys' fee issue, today was the deadline. If it's not there, there's no power that can change that reality.
>
> (Doc. # 64, Ex. H, Nov. 23 Tr. At p. 47-49).

The Panel then agreed to accept the briefs on the following day. Id. at p. 49-50. On this particular point it is clear that the Panel did in fact allow Wachovia to submit its brief, even though Wachovia did not have it fully prepared by the date set by the Panel. Therefore, there was no refusal to hear evidence with regard to the briefs.

The following day, both parties presented their closing arguments. Relevant to the issue at hand, the transcript reads:

> Arbitrator Perri:  Do you feel you have been given a fair opportunity to present your case in its entirety in these proceedings?
>
> Mr. Paduano:  For claimant I can tell you I was until the presentations this morning where the two elements were injected in terms of the counterclaims, and the issue raised and argued as to attorneys' fees. So even though I was prepared to say yes, I'm compelled to say no as to that. Again, to the extent you're going to consider any aspect of the award, I would ask we be heard - -
>
> Chairman Sandlin:  What made you feel that it was unfair? What more could we have done - -
>
> Mr. Paduano:  We would have to address those substantively, those issues.
>
> Arbitrator Grant:  You have asked for the ability to brief those issues.
>
> Mr. Paduano:  Frankly, I don't think you should consider them because I think they are outside the course of our record.  That's my position.
> . . .
>
> Chairman Sandlin:  A briefing would cure that?
>
> Mr. Paduano:  I don't know.  Because the standard and the statute from what I saw, there's notice and opportunity to be heard. So that means in other words, we need some evidence. That's why I don't think it's appropriate at the end, after our record is closed, that new issues have been injected. This statute is not referred to in the pleadings. So it's not just the element of surprise. It's a complete surprise.
>
> (Doc. # 64, Ex. K, Nov. 24 Tr. At 253-55).

The attorney for Wachovia appears to be referring to the requirements under the FCPA. Wachovia referenced attorneys' fees and stated that it believed the statute provided notice and opportunity to be heard. Nevertheless, Wachovia did not ask if it could submit any additional

evidence on this issue, if the hearing could be postponed to further prepare and address the issue, or even if additional time could be provided to present arguments concerning the FCPA. When asked what was unfair or what more could have been done, Wachovia stated that it would have to address those issues more substantively, but Wachovia chose not to do so. When the Panel inquired as to whether Wachovia would like to brief the issues, Wachovia stated that it did not believe the Panel should consider them at all as Wachovia believed them to be outside the record. Wachovia then argued that it did not know if a briefing would cure the problem. Nevertheless, from the record, it appears that Wachovia did not request for the Panel take specific action.  Therefore, this Court cannot conclude that the Panel was "guilty of misconduct," especially where Wachovia had an opportunity to vocalize precisely what needed to be done to rectify any error it believed had been committed, yet chose not to do so.

At a later point in the transcript, one arbitrator brings the discussion back to attorneys' fees.  The transcript reads:

> Arbitrator Perri:  I have another thing. I want to make sure you guys are clear on those, the second thing he had mentioned was attorneys' fees?
>
> Chairman Sandlin:  That's going to be determined within that too, unless there's some issues that come up.
>
> Arbitrator Grant: That's open also - -
>
> Mr. Paduano:  And you do have our objection that the statute has been mentioned
>
> Arbitrator Grant:  We have got - - you briefed it. We have got it. We will read it.
>
> Mr. Paduano:  My brief does not address what was said in closing, but - -

Id. at 262.

Towards the end of the proceeding, the Panel noted, "The issue on attorneys' fees, I'm sure there will be something that will occur to the panel where we need to seek clarification from parties. And if that becomes necessary, be assured we will be in touch with you." Id. at 263. Wachovia argues that this statement "seemed to assure" that it would be given further opportunity to be heard. (Doc. # 70, Pl.'s Reply at 9). Wachovia also contends that it should not be faulted for taking the panel at its word that it would "be in touch" with the parties "if" any "clarification" regarding attorneys' fees issues was necessary. This Court disagrees with Wachovia's characterization of the Panel's statements. There is no certainty in the Panel's language that Wachovia would be contacted. In fact, the Panel stated that "if" [the need to seek clarification] becomes necessary, *then* the Panel would be in touch with the parties. The Panel did not seek further clarification. Additionally, Wachovia did not specifically seek to present additional evidence or ask for additional hearings related to attorneys' fees.

Finally, under 10(a)(3) Wachovia seeks vacation of the arbitration award for the alleged deprivation of a fundamentally fair hearing. The plaintiff notes that a fundamentally fair hearing requires notice and opportunity to be heard. Wachovia then argues that it was denied its clear, statutory right to a full and fair hearing on the FCPA claim for sanctions. An analysis of what is required for a fundamentally fair hearing without reference to the asserted misconduct of the arbitrators, however, appears to misconstrue the rule. This Court reads the statute to mean that the arbitrators must have acted in a particular manner – such as refusing to hear evidence or postpone a hearing – which led to the deprivation of a fundamentally fair hearing. As previously explained, this Court holds that no such misconduct has been committed by the Panel.

Caselaw appears to be in harmony with this Court's view of the statute. See Three S Delaware, Inc., v. DataQuick Info. Sys., Inc., 492 F.3d 520, 531 (4th Cir. 2007) (noting that "a federal court is entitled to vacate an arbitration award only if *the arbitrator's refusal to hear pertinent and material evidence* deprives a party to the proceeding of a fundamentally fair hearing." (emphasis added)(citations omitted)); Int'l Union, United Mine Workers of America v. Marrowbone Dev. Co., 232 F.3d 383, 388 (4th Cir. 2000) (holding that an arbitrator denied a party a full and fair hearing where the arbitrator told a party to meet with the other party, gather information, negotiate, and present evidence at an arbitration hearing if the dispute was not resolved, "yet the arbitrator issued his award without ever holding that hearing . . . ."); Hoteles Condado Beach v. Union De Tronquistas, 763 F.2d at 40 ("Vacatur is appropriate only when *the exclusion of relevant evidence* 'so affects the rights of a party that it may be said that he was deprived of a fair hearing.'" (emphasis added)(citations omitted)). See also E.Spire Commc'ns, Inc. v. CNS Commc'ns, 29 Fed. Appx. 905, 910 (4th Cir. 2002) (holding that even though the arbitration panel limited a party's presentation of evidence, the limitations were necessary to prevent prejudice to the other party, and other opportunities were provided to the party for the presentation of its case).

Additionally, this Court concludes that Wachovia was given notice and an opportunity to be heard and was not deprived of a fundamentally fair hearing. It was Wachovia that requested on October 22, 2009 that the parties submit legal authority in support of attorneys' fees on November 23, 2009, the penultimate hearing date. It was also Wachovia that, by not filing on that date, caused the briefings to be exchanged on the last day of arbitration. Therefore, this

Court concludes that Wachovia has not established that there exists grounds for relief under 10(a)(3).[7]

## IV.    WACHOVIA'S ALLEGED MISREPRESENTATIONS TO THIS COURT

The defendants ask this Court to assess sanctions and take any other appropriate action to address the alleged false statements Wachovia made to this Court. As previously noted, the Panel directed the parties to advise this Court of the Panel's findings.

Wachovia concedes one inaccurate statement made by Wachovia's counsel at the injunction hearing. Wachovia notes that its attorney argued at the hearing that the DVD showed two of the defendants going back and forth between the offices, taking documents over. Wachovia concedes that this was incorrect and states that the DVD actually shows the defendants taking boxes out of Wachovia's office but does not show them carrying the same boxes into Stifel's new office. The attorney asserts that the misstatement was due to a miscommunication between her and the private investigator. However, she concedes that she did not actually watch the DVD before submitting it to the Court. Nevertheless, Wachovia argues that the misstatement was made in good faith, based on her conversations with the private investigator as well as independent evidence.

This Court has reviewed the Panel's decision as well as the evidence presented by the defendants with regard to this issue. No sanctions will be imposed in this Order.

---

[7] It should be noted that at the hearing the Court asked Wachovia if it opposed a remand to correct what it argued were procedural deficiencies, which led to a fundamentally unfair hearing. Wachovia stated that it did oppose remand because it believed that the Panel never had the authority to issue the award and because the Panel's work was over. (Doc. # 85, Hearing Tr. at p. 42-44).

## CONCLUSION

For the reasons set forth herein, the defendants' motion to confirm the arbitration award is **GRANTED**, (Doc. # 52), and the plaintiff's motion to vacate is **DENIED**. (Doc. # 56). This Court declines to sanction Wachovia. The defendants' request to join Stifel as a party to this action is denied. Additionally, after consideration of Wachovia's Motion to Seal, (Doc. # 71), this Court orders that the documents referred to in said motion shall be filed under seal by the Clerk of Court. The motion for hearing is deemed **MOOT**, as a hearing has already been held. (Doc. # 72). Finally, this Court **DISMISSES** the Preliminary Injunction. (Doc. # 25).

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>
TERRY L. WOOTEN<br>
United States District Judge

August 26, 2010
Florence, South Carolina