IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WACHOVIA SECURITIES, LLC, as successor in interest to A.G. Edwards & Sons, Inc., <br><br>Plaintiff, <br><br>v. <br><br>FRANK J. BRAND, II, STEPHEN N. JONES, MARVIN E. SLAUGHTER and GEORGE W. STUKES, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    CIVIL ACTION NO. 4:08-CV-02349-TLW |

## ORDER

This matter is before the Court on the defendants' request for entry of detailed, separate judgments. (Doc. # 90). This motion made pursuant to Rule 58(d) of the Federal Rules of Civil Procedure asks that each judgment include post-arbitration award interest provided by FINRA Rule 13904(j).

On August 26, 2010, this Court entered an Order confirming the arbitration award made by the Arbitration Panel on December 18, 2009. (Doc. # 86). A judgment was entered by the clerk's office on August 30, 2010. (Doc. # 87). Defendants' Rule 58(d) motion was filed September 2, 2010. A response was filed on September 20, 2010, (Doc. # 91), and a reply to the response was filed September 23, 2010. (Doc. # 92). Notice of appeal was entered on September 28, 2010. (Doc. # 93).

1

The defendants assert that interest accumulated pursuant to FINRA Rule 13904(j) in the interim between the arbitration award and the Court's judgment is included in the entry of judgment. The plaintiff argues that the defendants seek not only the ministerial entry of separate judgments, but also the additional, substantive relief of interest on the arbitration award. The plaintiff argues that what the defendants seek is actually prejudgment interest, and prejudgment interest that is not granted in the Court's original judgment must be sought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Furthermore, the plaintiff asserts that where prejudgment interest is not sought during the ordinary course of pleadings, it should not be awarded when raised for the first time pursuant to Rule 59(e). As a second argument, the plaintiff asserts that a party's entitlement to prejudgment interest is dependent upon state law, and under South Carolina law, prejudgment interest is not automatically available to litigants. Moreover, the plaintiff asserts that a party who fails to request prejudgment interest in his pleadings may not do so at a later point in time. The plaintiff argues that the defendants did not request prejudgment interest in their initial arbitration pleadings, the Panel did not award interest, and therefore the plaintiff is not entitled to said interest under South Carolina state law or under FINRA rules.

FINRA Rule 13904(j) reads as follows:

> All monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award **shall bear interest** from the date of the award . . . If the award is the subject of a motion to vacate which is denied . . . . Interest **shall be assessed** at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s). (emphasis added)

This rule clearly requires that interest on an award be paid from the date of the award when there is a motion to vacate that is denied. Nothing from this language indicates that the award of interest is subject to this Court's discretion or that the award is dependent upon the policy of the forum state.

FINRA Rule 13904(j) requires this Court to look to South Carolina law to determine the "prevailing" interest rate to apply, not to determine whether interest should be awarded at all. As explained in the Order confirming the arbitration award, (Doc. # 86), both parties contractually bound themselves to the rules and regulations provided by the FINRA code. The plaintiff has not presented evidence that the parties agreed this particular issue would be governed differently. Accordingly, this Court concludes the plaintiff's second argument opposing post-award interest is without merit.

The plaintiff notes that a request for prejudgment interest not granted in the Court's original judgment must be made under a Rule 59(e) motion. See Kosnoski v. Howley, 33 F.3d 376, 378 (4th Cir. 1994). This rule appears to apply both to the award of discretionary prejudgment interest and mandatory prejudgment interest. Id., citing Osterneck v. Ernst & Whinney, 489 U.S. 169, 176 n.3 (1989). However, Kosnoski held that the facts before the court made its case distinguishable from Osterneck because "the motion to fix interest was not an *initial* request for interest but rather a request that the court clarify the appropriate amount of interest *previously and properly awarded*." Id. The Court further stated, "Thus, if the district court's original judgment order did not mention an award of prejudgment and post-judgment interest, Howley's later motion to fix interest clearly would be governed by Osterneck . . . ." Id.

This Court's Order entered August 26, 2010 made no mention of an award of prejudgment or post-judgment interest. No mention was made because the issue was not presented to the Court. This Court became aware of FINRA Rule 13904(j) only after the defendants filed this most recent motion. However, this Court's Order confirmed the arbitration award in its entirety. Therefore, it is reasonable to conclude that if the Award included an award of interest, then this Court, by confirming the arbitration award, confirmed the award of post-arbitration interest.

The cover sheet to the arbitration award includes the heading, "Responsibility to Pay Monetary Award." (Doc. # 92-1).[1] Under this heading reads:

> Pursuant to the Code of Arbitration Procedure the responsible party must pay any monetary awards within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. If an award is not paid within 30 days, the responsible party must pay post-judgment interest at the legal rate or as provided in the award by the arbitrator(s).

(Doc. # 92-1)

It should be noted that this paragraph includes a footnote referencing "Industry Code Rule 13904", quoted previously. This letter, while technically not a part of the arbitration award itself, makes clear that payment of interest becomes part of the Award if the responsible party unsuccessfully attempts to vacate the arbitration award. This is further elucidated in the text of Rule 13904(j). Therefore, since the Arbitration Award included an award of interest, this Court's confirmation of the arbitration award in its entirety includes the award of interest as well. Additionally, this Court holds that since the confirmation of the arbitration award included the award of interest, it was not necessary for the defendants to have submitted their request under a Rule 59(e) motion.

The remaining question is what rate of interest applies. Wachovia notes that the defendants invoked South Carolina's post-judgment interest statute, S.C. Code. § 34-31-20(B). Wachovia argues that post-award interest accruing prior to judgment is considered prejudgment interest. Wachovia also notes that pursuant to S.C. Code § 34-31-20(A), South Carolina awards prejudgment interest at the rate of 8.75%. The applicable rate of interest if the award is considered post-judgment interest

---

[1]This cover sheet can also be found as an exhibit attached to the defendants' reply brief in support of notice of arbitration award, (Doc. # 63-1), and the defendants' brief in opposition to plaintiff's motion to vacate arbitration award. (Doc. # 64-1). However, it was not included with the defendants' initial exhibit of the arbitration award filed with its motion to confirm the arbitration award. (Doc. # 52-4).

is 7.25%, compounded annually. Since the defendants have argued that the lower of the two rates applies, this Court assesses interest at the rate of 7.25%.

## CONCLUSION

Pursuant to the defendants' Rule 58(d) request that this Court enter a specific judgment for each individual Defendant, this Court hereby Orders that $1,167,854.81 is awarded jointly to all defendants, $1,047.52 is awarded to defendant Stukes, $2,273.25 is awarded to defendant Jones, and $12,523.75 is awarded to defendant Slaughter. Included in each of these amounts is the award of interest accrued over 255 days at a rate of 7.25%. Accordingly, the respective interest accrued on each award, which is already reflected in the previous figures, is $56,300.96, $50.50, $109.59, and $603.76. The effective date of this judgment is August 30, 2010, the date at which judgment was initially entered. (Doc. # 87).

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

October 27, 2010
Florence, South Carolina